IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV205-176

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Johnson ("Johnson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a document entitled "Writ of Habeas Corpus Petitioning the Court to Put a Hold on Johnson's Time Limit for Filing a 28 U.S.C. § 2255 Motion and Placing his Time Limit for Filing a § 2255 Motion under Equitable Tolling," which the Court construed as a Petition for Writ of Habeas Corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Johnson filed a Reply. For the reasons which follow, Johnson's Petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Johnson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) in this Court. (CR204-23, Doc. No. 17.) On October 27, 2004, the Court sentenced Johnson to sixty (60) months' imprisonment, three (3) years' supervised release, and imposed a $100 special assessment. (CR204-23, Doc. No. 18.) Johnson did not appeal his conviction.

AO 72A
(Rev. 8/82)

Johnson requests that the Court hold the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year limitation period in abeyance until the resolution of his pending state habeas corpus motion. Johnson contends that the sentencing court enhanced his federal sentence based on two state court convictions. Johnson asserts that he filed a state habeas corpus petition in a Georgia Superior Court challenging his state convictions. Johnson further asserts that he did not receive notice that this Court construed his writ as a section 2241 motion.

Respondent asserts that the Court lacks jurisdiction to hear Johnson's petition under section 2241. Respondent contends that, even if Johnson's petition falls under 28 U.S.C. § 2255, as he suggests, he has provided no authority for pre-emptive tolling of section 2255's one year limitation period and has provided no evidence that he is pursuing a state habeas claim.

## DISCUSSION AND CITATION TO AUTHORITY

Under the provisions of section 2255, the one year limitation period for a petitioner to bring a habeas corpus claim is determined by the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. A petitioner collaterally attacking his federal sentence, based on a state

2

court vacatur of a prior state conviction, has one-year from the date he received notice of the order vacating the prior state convictions. Johnson v. United States, 544 U.S. 295, ___, 125 S. Ct 1571, 1575, 161 L. Ed.2d 542 (2005). This one year limit is provided if petitioner sought to have those convictions overturned with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence. Id. The requirement of due diligence is an "inexact measure of how much delay is too much"; however, it is required to uphold the core intentions of the AEDPA, as demanded by section 2255. Id. at ___ n. 7.

Based on Johnson's contention that he has a pending habeas petition in a Georgia Superior Court, his current petition seeking a writ of habeas corpus is premature. (See Doc. No. 7 at p. 1.) Although Johnson was convicted over a year ago, his petition seeks relief prior to successfully overturning the convictions which he alleges formed the basis for enhancing his federal sentence. Accordingly, this case is not ripe for adjudication; this Court does not currently have jurisdiction to provide the relief requested by Johnson's Petition. In the event that Johnson is successful in having those state convictions overturned, he may file a motion in this Court, pursuant to 28 U.S.C. § 2255. At that time, this Court will determine whether the motion is timely.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and Johnson's Petition for Writ of Habeas Corpus be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 29th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3